| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO**<br><br>Court Address: 1777 6th Street<br>Boulder, CO 80302 | DATE FILED: March 8, 2021 4:39 PM<br>FILING ID: 9D9BDDC2E58A5<br>CASE NUMBER: 2021CV30200 |
| Plaintiff:   **PANAGIOTA BERNAQUER**<br><br>v.<br><br>Defendants:   **WESTPAC REALTY FUND II, LLC and HZ OPS HOLDINGS, INC** | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiff*:<br>S. Paige Singleton (#49011)<br>Jared J. Mazzei (#50758)<br>BENDINELLI LAW FIRM, PC<br>9035 Wadsworth Pkwy, Suite 4000<br>Westminster, CO 80021<br>Tel: 303.940.9900<br>Fax: 303.940.9933<br>Email: SPS@COLawFirm.com; JJM@COLawFirm.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Panagiota Bernaquer, by and through her attorneys, the Bendinelli Law Firm, P.C., with her Complaint against Defendants Westpac Realty Fund II, LLC ("Westpac"), a limited liability company; HZ OPS Holdings, INC ("HZ OPS"), a corporation. In support thereof, Plaintiff states as follows:

## INTRODUCTION

1.   Plaintiff was injured on June 25, 2019, when she tripped over the edge of the sidewalk directly in front of a Popeyes Louisiana Kitchen (the "Restaurant") located at 22996 E. Smoky Hill Road, Aurora, Colorado 80016 (hereinafter referred to as the "Incident").

2.   Upon information and belief, at the time of the Incident, HZ OPS was the owner of the Restaurant.

3.   HZ OPS is a foreign corporation with a principle address of 4415 Highway 6, Sugar Land, Texas 77478.

4.   HZ OPS' registered agent is Corporation Service Company located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

EXHIBIT B

5.      The Restaurant is situated in a shopping complex (the "Complex") located at 22994 E. Smoky Hill Road, Aurora, Colorado 80016; Assessors Identification Number 2073-24-4-35-003.

6.      Upon information and belief, the Complex consists of three buildings which are recorded with the Arapahoe County Assessor as a convenience store ("Building 1"), a drive through car wash and an auto service center (collectively referred to as the "Buildings").

7.      Upon information and belief, Westpac owned and operated the Complex at the time of the Incident.

8.      Westpac is a foreign limited liability company with a principle address of 3625 Dufferin Street, Ste 500, Toronto, ON M3K 1N4, Canada.

9.      Westpac's registered agent is C T Corporation System located at 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268

10.     At the time of the Incident, Building 1 consisted of the Restaurant and the Circle K convenient store ("Circle K").

11.     In front of Building 1 is a concrete sidewalk which runs the length of the Circle K and the Restaurant.

12.     In front of Building 1 are 7 general parking spaces and 2 handicap spaces (collectively referred to as the "Parking Lot") separated by a 21'x 12' ramp which leads to the front entrance of the Circle K.

13.     A 6-inch curb runs along the 7 general parking spaces.

14.     However, the height of the "curb" progressively decreases along the handicap spaces (right to left) until the Parking Lot runs level with the sidewalk.

15.     The left-most handicap space is directly in front of the entrance to the Restaurant (the "Entrance").

16.     The edge of the sidewalk, which abuts the left-most handicap space, is approximately 1.5-inches in height (the "Sidewalk Edge").

17.     At the time of the Incident, Plaintiff was at the Restaurant with her two grandchildren to pick-up food.

18.     Plaintiff parked her vehicle in the left-most handicap space located directly in front of the Entrance.

19.     When approaching the Entrance, Plaintiff's foot caught the 1.5-inch edge of the sidewalk causing her to fall forward and strike her face and knees on the concrete sidewalk.

EXHIBIT B

20.     Upon information and belief, immediately after the Incident, the Restaurant's on-duty manager came outside to investigate what just occurred.

21.     While outside, the manager advised that multiple customers have tripped on the sidewalk edge prior to the Incident.

22.     At the time the manager made the statement he was acting within the course and scope of his employment of HZ OPS.

23.     Upon information and belief, at the time of Incident, HZ OPS owned, possessed, controlled, managed, supervised and utilized the Restaurant, the Parking Lot and the concrete sidewalk at least in part as a business open to the general public.

24.     Upon information and belief, at the time of Incident, Westpac owned, possessed, controlled, managed, supervised and utilized the Complex, the Parking Lot and the concrete sidewalk at least in part as a business open to the general public.

25.     The Sidewalk Edge was a dangerous condition.

26.     Defendants failed to remedy the dangerous condition posed by the Sidewalk Edge prior to the Incident.

27.     Defendants failed to warn of the dangerous condition posed by the Sidewalk Edge prior to the Incident.

28.     At the time of the Incident, Defendants were responsible for the care and maintenance of the Parking Lot and the sidewalk, including but not limited to clearly marking the Sidewalk Edge.

29.     At the time of the Incident, Westpac was responsible for ensuring the sidewalk and the Parking Lot were safe for use.

30.     At the time of the Incident, Westpac was responsible for ensuring the sidewalk and the Parking Lot complied the American with Disabilities Act, Accessibility Guidelines, *Appx. D* of 36 C.F.R. § 1191.1

   a.  A change in level greater than ¼ inch between ground surface must be beveled and changes in level greater ½ inch must be ramped. Sec. 303.

   b.  Access aisle must adjoin an accessible route. Sec. 502.3

   c.  Access aisle shall be the same level as the parking spaces they serve. Sec. 502.4.

   d.  Parking spaces and access aisles shall be designed so that cars and vans, when parked, cannot obstruct the required clear width of adjacent accessible routes. Sec. 502.7.

   e.  Such other and further violations to be revealed in discovery.

3

31.  Upon information and belief, HZ OPS and its employees, agents, or contractors, had a duty to advise Westpac and its employees, agents, or contractors of dangerous conditions, including the Sidewalk Edge.

32.  Upon information and belief, HZ OPS and its employees, agents, or contractors, had a duty to report the occurrence of trip and falls that occurred on the Sidewalk Edge to Westpac and its employees, agents, or contractors.

33.  As a result of the injuries Plaintiff suffered in the Incident, Plaintiff has undergone extensive medical care, including but not limited to physical therapy, consulting with family medicine practitioners, pain management specialists, neurologists and pain management surgeons.

34.  Plaintiff's injuries are permanent and debilitating.

35.  Plaintiff suffers from pain, numbness, and weakness in her knee region, affecting her ability to walk.

36.  As a result of the injuries Plaintiff suffered in the Incident, Plaintiff has required treatment, and will require future medical care, rehabilitation, physical therapy, and home services.

37.  At all relevant times, Defendants knew or should have known that its acts or omissions constituted a breach of its legal duties and created an unreasonably hazardous condition on the sidewalk at the time of the Incident.

38.  As a direct and proximate result of the negligent and unlawful acts of Defendants, Plaintiff has suffered physical injuries, damages, and losses, including, but not limited to, past and future medical expenses, emotional distress, pain and suffering, mental anguish, loss of enjoyment of life, and loss of earning potential, loss of home services, physical impairment, and physical disfigurement.

## PERSONAL JURISDICTION

39.  Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendants because they transact business in the state of Colorado.

40.  Pursuant to C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over Defendants because they committed one or more tortious acts in the State of Colorado.

41.  Pursuant to C.R.S. § 13-1-124(1)(c), this Court has personal jurisdiction over Defendants because they own, uses, or possesses real property situated in the State of Colorado.

## SUBJECT MATTER JURISDICTION

42.  Pursuant to C.R.S.A. Const. Art. VI § 9, this Court has subject matter jurisdiction over

EXHIBIT B

this action because it involves a civil matter and District Courts are courts of general and original jurisdiction.

## VENUE

43.    Pursuant to C.R.C.P. 98(c)(1), venue is proper in Boulder County, Colorado, because Defendants conduct business throughout the State of Colorado.

## FIRST CLAIM FOR RELIEF
### (Premises Liability against Defendant HZ OPS)

44.    Plaintiff incorporates by reference all paragraphs set forth above.

45.    At the time of the Incident, Defendant HZ OPS owned, occupied or conducted activities at the Complex, on the Parking Lot and the sidewalk.

46.    Upon information and belief, at the time of the Incident, Defendant HZ OPS was a "landowner" of the Parking Lot and the sidewalk as defined by C.R.S. §13-21-115(1).

47.    Defendant HZ OPS owed a duty to its invitees to remove, report, correct or adequately warn of dangers to maintain a reasonably safe condition of all foreseeable dangers including the Sidewalk Edge.

48.    At the time of the Incident, Plaintiff was an Invitee pursuant to C.R.S. § 13-21-115(5)(a) because she entered onto the Complex, Parking Lot and sidewalk to transact business in which Plaintiff and Defendant HZ OPS were mutually interest.

49.    At the time of the Incident, the Sidewalk Edge created unreasonable risk of injury to invitees of the Restaurant including Plaintiff.

50.    Upon information and belief, the Sidewalk Edge existed for an extended period of time prior to the occurrence of the Incident.

51.    At the time of the Incident, Defendant HZ OPS, through its employees and/or agents, knew or reasonably should have known about the dangers created by the dangerous condition of the Sidewalk Edge.

52.    At all relevant times, Defendant HZ OPS failed to use reasonable care to protect against the dangerous condition of the Sidewalk Edge of which it knew or reasonably should have known, including but not limited to removing, correcting or giving adequate warning of the danger posed by the Sidewalk Edge.

53.    As a direct and proximate result of Defendants' unreasonable failure to exercise reasonable care against the danger of which it knew or should have known, Plaintiff has suffered injuries, damages, and losses more fully described herein.

EXHIBIT B

## SECOND CLAIM FOR RELIEF
### (Negligence against Defendant HZ OPS)

54.    Plaintiff incorporates by reference all paragraphs set forth above.

55.    In the alternative, if Defendant HZ OPS was not a "landowner" of the Parking Lot and sidewalk as defined by C.R.S. §13-21-115(5)(a), Defendant HZ OPS owed a duty to its customers, including Plaintiff, to manage and operate the Restaurant in a reasonably safe manner, including providing safe and ADA compliant access to the Restaurant.

56.    Defendant HZ OPS owed a duty to its customers, including Plaintiff, to remove, report, correct or adequately warn of dangers to maintain a reasonably safe condition of all foreseeable dangers including the Sidewalk Edge.

57.    At the time of the Incident, the Sidewalk Edge created unreasonable risk of injury to customers of the Restaurant including Plaintiff.

58.    At all relevant times, Defendant HZ OPS breached its duty to Plaintiff and was negligent by failing to exercise reasonable care in the management of the Restaurant by, *inter alia*:

     a.    Failing to remediate the hazardous condition of the Sidewalk Edge;

     b.    Failing to provide adequate warning of the danger posed by the Sidewalk Edge;

     c.    Failing to report the hazardous condition of the Sidewalk Edge;

     d.    Failing to provide safe access to the Restaurant;

     e.    Failing to provide ADA compliant access to the Restaurant; and

     f.    Such other and further acts to be revealed in discovery.

59.    As a direct and proximate result of Defendant HZ OPS' negligent acts and omissions, Plaintiff has suffered injuries, damages, and losses more fully described herein.

## THIRD CLAIM FOR RELIEF
### (Premise Liability against Defendant Westpac)

60.    Plaintiff incorporates by reference all paragraphs set forth above.

61.    At the time of the Incident, Plaintiff was an Invitee pursuant to C.R.S. § 13-21-115(5)(a) because she entered onto the Complex, Parking Lot and sidewalk to transact business in which Plaintiff and Defendant Westpac were mutually interest.

62.    Upon information and belief, at the time of the Incident, Defendant Westpac was a "landowner" of the Parking Lot and the sidewalk as defined by C.R.S. §13-21-115(1).

EXHIBIT B

63.    At the time of the Incident, Defendant Westpac, through its employees and/or agents, knew or reasonably should have known of the danger created by the Sidewalk Edge.

64.    At all relevant times, Defendant Westpac retained control and was responsible for the repairs of and ensuring ADA compliance of the Complex, Parking Lot and sidewalk including but not limited to the Sidewalk Edge where the Incident occurred.

65.    At all relevant times, Defendant Westpac owed a non-delegable duty to Plaintiff, to remove, correct or adequately warn of known dangers including the Sidewalk Edge.

66.    At all relevant times, Defendant Westpac breached its duty by failing to exercise reasonable care in removing, correcting or adequately warning of known dangers on the Parking Lot and sidewalk, including but not limited to failing to properly warn of the Sidewalk Edge and ensure ADA compliance.

67.    As a direct and proximate result of Defendant Westpac's breach of its duties, Plaintiff has suffered injuries, damages, and losses more fully described elsewhere herein.

## **DEMAND FOR JURY TRIAL**

68.    Plaintiff incorporates by reference all paragraphs set forth above.

69.    PLAINTIFF DEMANDS TRIAL BY JURY on all of her claims set forth above.

    WHEREFORE, Plaintiff requests that judgment be entered in her favor against Defendants for all available relief, including without limitation, economic damages, non-economic damages, damages for physical impairment and disfigurement, as well as interest, costs, and attorney fees and any other such relief this Court deems proper, allowable by law.

Dated this 8th day of March 2021.

                    BENDINELLI LAW FIRM, P.C.
                    *This pleading is filed electronically pursuant to C.R.C.P. 121 § 1-26. The original signed pleading is in counsel's file.*

                    By: */s/ Jared J. Mazzei*
                    S. Paige Singleton (#49011)
                    Jared J. Mazzei (#50758)
                    *Attorneys for Plaintiff*

Plaintiff's Address:
2635 S. Rifle Street
Aurora, CO 80013

EXHIBIT B