IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01259-CNS-NRN

PANAGIOTA BERNAQUER,

    Plaintiff,

v.

CIRCLE K STORES INC.,

    Defendant.

---

## ORDER

---

Before the Court are Defendant's (1) Federal Rule of Evidence 702 Motion to Limit or Exclude Opinion Testimony of Plaintiff's Expert H. James Royston (ECF No. 40) and (2) Motion to Strike Plaintiff's Second Supplemental Federal Rule of Civil Procedure 26(a)(2), (e) Expert Disclosure (ECF No. 41). The Court GRANTS IN PART and DENIES IN PART Defendant's Rule 702 motion (ECF No. 40) and GRANTS Defendant's motion to strike under Rule 26 (ECF No. 41) for the following reasons.

## I. FACTS

This premise liability case arises from a trip-and-fall accident on or about June 25, 2019, in Aurora, Colorado. The instant motions were filed on August 16, 2022, and August 22, 2022, respectively (ECF Nos. 40, 41). A five-day jury trial is set to commence on July 10, 2023 (ECF No. 75). Defendant does not challenge Plaintiff's expert based on his qualifications, but primarily

1

challenges, Mr. Royston's opinions regarding accessibility standards (ECF No. 40) and the timeliness and content of Plaintiff's second supplemental expert disclosures (ECF No. 41).

## II.  LEGAL STANDARD

### A.  Federal Rule of Evidence Rule 702

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). The party submitting the expert's testimony must show by a preponderance of the evidence that the testimony is admissible. *See, e.g.*, *Bethel v. Berkshire Hathaway Homestate Ins. Co.*, No. 17-CV-01456-CMA-KLM, 2022 WL 1037572, at *2 (D. Colo. Apr. 1, 2022). To determine whether expert testimony is admissible, a court must determine whether:  (1) the expert is qualified; (2) the expert's proffered opinion is reliable; (3) the expert's testimony is relevant; and (4) the proffered testimony will assist the trier of fact.  *See id.* at *2; *103 Invs. I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006); *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122-23 (10th Cir. 2006).

An expert is qualified if they have the "knowledge, skill, experience, training, or education" to render an opinion.  *Roe v. FCA US LLC*, 42 F.4th 1175, 1180 (10th Cir. 2020) (citing Fed. R. Evid. 702).  An expert's testimony is reliable if the methodology employed by the expert is based on "sufficient data, sound methods, and the facts of the case."  *Id.* (citation omitted).  The expert's

2

testimony must be scientifically sound, but "absolute certainty" is not required. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quotation omitted). Testimony is relevant if it "logically advances a material aspect" of the case and has a "valid scientific connection" to the case's disputed facts. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 n.2 (10th Cir. 2005) (citation omitted). The court looks to other non-exclusive factors to determine if the testimony will assist the jury: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Rodriguez-Felix*, 450 F.3d at 1123 (citation omitted). Doubts about the testimony's usefulness should be resolved in favor of admissibility unless such factors (e.g., time or surprise) weigh in favor of exclusion. *See Robinson v. Missouri Pac. R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) (quotation omitted).

### B. Federal Rule of Civil Procedure 26

Under Rule 26(e)(1)(A), a party may supplement an expert report if the party discovers that the disclosure is "incomplete or incorrect" in some "material respect" and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The party's supplement must be "timely" made, but no later than the time a party's pretrial disclosures are due under Rule 26(a)(3). *See Buben v. City of Lone Tree*, No. 08-CV-00127-WYD-MEH, 2010 WL 4810632, at *2 (D. Colo. Nov. 19, 2010). Furthermore, under D.C.COLO.LCivR 26.1(b), disclosures under Rule 26(a)(3) must be made by the deadline for the submission of the Final Pretrial Order.

Permissible supplementation includes "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial

3

disclosure." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006) (citation and internal quotations omitted). Impermissible supplementation entails "additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report" and "exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." *Id*.

Rule 37(c)(1) precludes a party from using additional information to supply evidence on a motion or at trial if that party fails to disclose the information as required by Rule 26(a) or (e) unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The Court has broad discretion in determining whether the Rule 26 violation was substantially justified or harmless, and the court need not make explicit findings on this issue. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted). When exercising its discretion, the Court looks to several factors: "(1) the prejudice and surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. "A trial court has considerable discretion to determine an appropriate sanction under Rule 37 and the particular circumstances of a given case." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *17 (D. Colo. Feb. 8, 2010) (citation omitted).

### III.  ANALYSIS

#### A.  Rule 702–Plaintiff's Expert: H. James Royston

Defendant moves to preclude Mr. Royston's opinions regarding (1) accessibility standards, and (2) disability, human factors, and meteorology (ECF No. 40 at 3-11). Defendant argues that

Mr. Royston's methodology is unsound and should be excluded as unreliable and irrelevant as well as prejudicial and unhelpful to the factfinder (*id.* at 11-15).

First, regarding the accessibility standards, Plaintiff argues that Mr. Royston should be permitted to testify regarding the Americans with Disabilities Act Accessibility Guidelines (ADAAG), American National Standard Accessible and Usable Buildings and Facilities (ANSI), and the 1994 Uniform Building Code (UBC) (ECF No. 47 at 6-15).  However, Plaintiff concedes that she is not bringing a claim under the ADA (*id.* at 15).  Rather, the premise liability claim against Defendant arises under the Colorado Premises Liability Act (CPLA).  *See* Colo. Rev. Stat. Ann. § 13-21-115.

The Court finds that testimony or evidence proffered based upon the ADAAG, ANSI, and UBC is not only irrelevant to Plaintiff's state law CPLA claim, especially as she is not alleging a violation of any federal disability law, but has no bearing upon the issues to be tried in this CPLA case, would confuse the jury regarding the duty Defendant owed Plaintiff, and would be unfairly prejudicial to Defendant.  *See Brown v. Nat'l R.R. Passenger Corp.*, No. 18-CV-03030-JLK, 2020 WL 8277569, at *3 (D. Colo. Nov. 12, 2020).  Accordingly, Mr. Royston will not be permitted to testify about, and Plaintiff shall not be permitted to proffer evidence regarding, the ADAAG, ANSI, and UBC.  Thus, the Court GRANTS IN PART this portion of Defendant's motion to exclude (ECF No. 40).

Regarding the remainder of the motion to exclude, Defendant seeks to preclude Mr. Royston's testimony regarding Plaintiff's disability as well as "shoes, weather conditions, shadows, light, visual cues, in the context of human behavioral patterns" (ECF No. 40 at 10).  In line with the Court's prior ruling, Mr. Royston is not permitted to testify on whether Plaintiff's

disability affords her ADA protections. Plaintiff concedes that she did not bring a claim under the ADA (ECF No. 47 at 19). Plaintiff notes that the state of Colorado had declared Plaintiff to be disabled with a physical impairment and the jury can hear such information (*id*. at 21). However, because there is no claim in this case regarding the ADA, there is no need for Mr. Royston to opine on the topic and it would only confuse the jury. On this limited issue, the Court GRANTS IN PART Defendant's motion to exclude Mr. Royston's testimony about her disability in conjunction with the ADA (ECF No. 40).

Regarding the remainder of Mr. Royston's testimony, the Court finds that he is permitted to testify about weather conditions, human factors, the painted edge of (or lack thereof) the curb, shadows, and illumination. Mr. Royston has a master's degree in civil engineering and has been a licensed professional engineer since 1983 (ECF No. 47-1 at 1). The Court finds that he is qualified to testify about such subjects and that such testimony would be helpful to the fact finder. Defendant specifically objects to Mr. Royston discussing the weather as he is not a qualified meteorologist (ECF No. 47 at 22). The Court finds that it is appropriate for an expert to rely upon weather reports to confirm the presence of a storm or climatic conditions at the location of the alleged personal injury or property damage. *See e.g., Asbury v. MNT, Inc.*, No. CIV. 12-252 KG/RHS, 2014 WL 6674475, at *7 (D.N.M. Aug. 6, 2014); *see also Revocable Tr. Agreement of Randall S. Ellis & Teri L. Ellis v. State Farm Fire & Cas. Co.*, No. 21-CV-0076-CVE-SH, 2022 WL 2671845, at *11 (N.D. Okla. July 11, 2022); *see also Severy Creek Roofing, Inc. v. Auto-Owners Ins. Co.*, No. 19-CV-01507-KMT, 2020 WL 2112364, at *3 (D. Colo. May 4, 2020). Accordingly, the Court DENIES IN PART Defendant's motion to exclude Mr. Royston's testimony on these topics (ECF No. 40).

### B. Rule 26–Plaintiff's Second Supplemental Expert Disclosures

The rebuttal expert witness disclosure deadline was May 26, 2022, and the discovery deadline closed on June 25, 2022 (ECF No. 30). Plaintiff disclosed Mr. Royston as an expert on February 18, 2022, and Plaintiff disclosed Mr. Royston as a rebuttal expert on May 26, 2022 (ECF No. 41 at 3). Defendant deposed Mr. Royston on July 28, 2022 (*id*. at 2). Plaintiff disclosed their Second Supplemental Disclosures on or about August 15, 2022 (*id*.; ECF No. 41-4 at 7-18). In this case, the proposed Final Pretrial Order was due on or before December 19, 2022, and this date was the governing deadline for any Rule 26(e)(2) supplements (ECF No. 37).

Plaintiff concedes that Defendant deposed Mr. Royston on July 28, 2022, and then conferred with Plaintiff regarding the Rule 702 motion in August 2022, before Plaintiff served the second supplemental expert disclosures (ECF No. 50 at 11). While the Court does not find that Plaintiff acted in bad faith, the Court does find that the supplemental report is an impermissible supplementation that contains additional opinions or rationales and seeks to strengthen Mr. Royston's opinions expressed in the original expert report. The information that is in the supplemental report is information that Mr. Royston had available to him at the time of the drafting of his initial report. *But see Buben v. City of Lone Tree*, No. 08-CV-00127-WYD-MEH, 2010 WL 4810632, at *3 (D. Colo. Nov. 19, 2010) ("The Court agrees with Plaintiff's characterization of the supplemental information as more de minimis and less bolstering in nature, particularly because the two supplemental economic conclusions favor Defendants as they are decreased in value."). The Court finds that this additional information in the supplemental report is being used to bolster the original report as Mr. Royston could have performed the analysis regarding alternate routes and only did so after being deposed. Therefore, this supplemental report must be stricken

under Rule 37. Accordingly, Defendant's motion to strike the second supplemental disclosure is GRANTED (ECF No. 41). An award of fees related to this motion is unwarranted.

## IV. CONCLUSION

Accordingly, Defendant's motion to exclude under Rule 702 (ECF No. 40) is GRANTED IN PART and DENIED IN PART consistent with the above analysis.

It is FURTHER ORDERED that Defendant's motion to strike Plaintiff's second supplemental expert disclosures (ECF No. 41) is GRANTED.

DATED this 27th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge